Samuel D. ADAMO and Tana
Adamo, Petitioners,

v.

STATE FARM LLOYDS COMPANY,
Respondent.

No. D–3835.

Supreme Court of Texas.

Nov. 3, 1993.

William Fred Hagans, Pat Tulinski, Houston, for petitioners.

Barry G. Flynn, Mark W. Thayer, Paul A. Hoefker, Houston, for respondent.

## ON APPLICATION FOR WRIT OF ERROR

Application for writ of error denied.

## DISSENTING OPINION TO DENIAL OF APPLICATION FOR WRIT OF ERROR

DOGGETT, Justice, dissenting.

Mail order justice—the kind that comes with a stamp but no opportunity to be heard—could and should have been discouraged here by this Court. The trial court had rendered summary judgment terminating an action against an insurance company without ever according the claimant a hearing, despite his proper and timely request for one. Had the judgment been for the claimant because of the insurer's discovery abuse, not only would an oral hearing have been required, *Braden v. Downey,* 811 S.W.2d 922, 929 (Tex.1991, orig. proceeding), but the trial court's detailing of specific factual findings justifying the judgment would have been well advised, *see Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 850 (Tex.1992), and *de novo* review by this Court of every detail of the trial court's order would have been assured. *See Remington Arms Co. v. Caldwell,* 850 S.W.2d 167, 174 (Tex.1993) (Doggett, J., dissenting). *See also Transamerican Nat. Gas Corp. v. Powell,* 811 S.W.2d 913 (Tex.1991). But not even the possibility of a hearing is considered here.

The more harsh the remedy sought, the more important a hearing becomes. Summary judgment is a decidedly harsh remedy. *First National Bank of Libby, Montana v. Rector,* 710 S.W.2d 100, 102 (Tex.App.—Austin 1986, writ ref'd n.r.e.); *Rosemont Enterprises, Inc. v. Lummis,* 596 S.W.2d 916, 923 (Tex.App.—Houston [14th] 1980, no writ). Rule 166a, the operative procedural rule, refers to a hearing not once but six times;[1] it clearly contemplates that a hearing on a motion for summary judgment will occur before the trial court rules on the motion. This provision was correctly analyzed in *Williams v. Carpentier,* 767 S.W.2d 953, 954 (Tex.App.—Beaumont 1989, no writ):

[Rule 166a] specifically calls for a hearing. There are specific deadlines imposed

---

1. Subsection (c) provides, in relevant part, that Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before *the time specified for hearing.* Except on leave of court, the adverse party, not later than seven days prior to *the day of hearing* may file and serve opposing affidavits or other written response. No oral testimony shall be received at *the hearing.* The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at *the time of the hearing,* or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response.
   Subsection (d) provides, in relevant part, that Discovery products not on file with the clerk may be used as summary judgment evidence if copies ... are filed and served ... (i) at least twenty-one days before *the hearing* if such proofs are to be used to support the summary judgment; or (ii) at least seven days before *the hearing* if such proofs are to be used to oppose the summary judgment.
   Tex.R.Civ.P. 166a(c) and (d) (emphasis added).

around the hearing date.... Without a hearing being held on a specified day, there is uncertainty created concerning notice, the appropriateness and/or timeliness of pleadings and responses. Because summary judgment is a harsh remedy, rule 166a must be strictly construed.... The failure to conduct a hearing on the specified day was error.

Citing no textual basis for its decision, the court of appeals here rejected the call for a hearing in Rule 166a as merely "discretion[ary]." *Adamo v. State Farm Lloyds Company*, 853 S.W.2d 673, 677 (Tex.App.—Houston [14th] 1980). Although that court conceded both the "potentially persuasive skills of appellant's attorney in a summary judgment hearing," and that oral argument might be "interesting and helpful," it nonetheless found that there was no "clear and prejudicial error of law," since neither oral testimony nor other new evidence would be admissible at such a proceeding.

The hearing requirement of Rule 166a is similar to that of Rule 87, TEX.R.CIV.P. Both contain deadlines based on the hearing date; neither allows evidence at the hearing. Yet in contrast to the holding of the court of appeals here, this Court has held that where a movant requests a hearing on a motion to transfer venue, it is reversible error not to hold one. *Henderson v. O'Neill*, 797 S.W.2d 905 (Tex.1990, orig. proceeding) (per curiam).[2] Surely a hearing on summary judgment, which may result in termination of a claim or defense is no less important than a hearing on whether an action should be continued in another forum.

To deny this litigant his day or, indeed, even his moment in court not only ignores a procedural rule, but also disregards a basic principle of fairness upon which our system is founded. Even if the moving party has made a persuasive claim that judgment should be granted, the time required for a brief, nonevidentiary hearing is more than justified by the value of allowing a party to argue on its behalf and possibly prevent an erroneous judgment. This is certainly to be preferred to the alternative which makes the court of appeals the first forum at which a summary judgment can be argued—an appellate trip that might have been avoided by a brief explanation of counsel to the trial court.

Fortunately, today's refusal to consider this particular case sets no binding legal precedent; it only sends a disturbing signal by finding no error requiring reversal or of importance to the jurisprudence of the state. T.R.A.P. 133(a). I think this is a matter highly important to our jurisprudence, particularly at a time when some urge the expansion of the scope of the summary judgment as a device to whittle dockets while at the same time suggesting that the right to ever lay eyes on a judge is at the judge's discretion. True, our justice system might be more efficient if all motions were handled by mail without talkative lawyers intruding, but it would also be far less just. Because a judge has a duty to be more than a correspondent and a litigant has a right to more than a postcard announcing defeat, I dissent to the Court's decision to deny the application for writ of error.

---

**2.** *See also Thordson v. City of Houston,* 815 S.W.2d 550 (Tex.1991) (per curiam) (reversing court of appeals regarding a suit dismissed for want of prosecution and stating "it was not within the discretion of the trial court to fail to hold an oral hearing on the motion to reinstate").