Clara **FANESTIEL**, Individually and a/n/f of Shane Fanestiel, Relator,

v.

The Honorable Lee **ALWORTH**, Judge, Respondent.

No. D–4043.

Supreme Court of Texas.

April 20, 1994.

ON PETITION FOR WRIT
OF MANDAMUS.

Motion for Leave to file Petition for Writ of Mandamus overruled.

---

**DOGGETT**, Justice, dissenting.

Only in unusual circumstances do I write separately on cases in which this Court has not granted review.[1] Today my writing results not solely from the error of law committed by the trial court, but from the need to comment on the writing of the court of appeals. That opinion appears to be inspired principally by the "piercing and revealing article" of a journalist for the business section of the *Houston Chronicle*. 856 S.W.2d 585, 588. Eager to "be appropriately aware of what the journalists are thinking and writing," the court of appeals attests that its "opinion is simpatico with the newspaper article." *Id.* at 588–89.

Ascertaining and following popular journalistic trends has little to do with the appropriate work of our judiciary. As I have previously written on an even more unfortunate occasion when "newspaper pleadings" formed the basis for judicial action:

> [A court] should not abruptly reinterpret the basic fabric of our jurisprudence because a judge is startled by what he reads in the newspaper. The true message sent forth [by such action] is "don't write a legal brief, write a political column."

*Edgewood Indep. Sch. Dist. v. Kirby*, 804 S.W.2d 491 (Tex.1991) (Doggett, J., concurring on motion for rehearing).

In this case I believe that discovery should have been permitted regarding the large number of seemingly similar lawsuits and claims involving injuries from the alleged defects in an electric blanket. This Court approved a comparable request for production in *Allen v. Humphreys*, 559 S.W.2d 798 (Tex.1977). The trial court should have at least conducted an *in camera* inspection to determine whether information regarding other claims was reasonably calculated to lead to the discovery of admissible evidence. *See Axelson, Inc. v. McIlhany*, 798 S.W.2d

---

**1.** *See, e.g., Adamo v. State Farm Lloyds Co.*, 864 S.W.2d 491 (Tex.1993) (Doggett, J., dissenting to denial of application for writ of error).

550, 553 (Tex.1990). But if discovery is to be thwarted, as has occurred here, it should be solely because the law so demands, not in order for some judge to stay "simpatico" with the local daily. I dissent.