NO. 07-02-0163-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 13, 2002



______________________________




DARRICK WAYNE CARTER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 248TH DISTRICT COURT OF HARRIS COUNTY;



NO. 899462; HONORABLE JOAN CAMPBELL, JUDGE



_______________________________



Before JOHNSON and REAVIS, JJ., and BOYD, SJ. (1)

 Upon his plea of guilty, appellant Darrick Wayne Carter was convicted of the felony
offense of evading arrest. His punishment, in accordance with a plea bargain, was
assessed at three years confinement in the Institutional Division of the Department of
Criminal Justice. Appellant gave timely notice of appeal from the conviction.

 On December 6, 2002, we received appellant's motion to withdraw his notice of
appeal and dismiss the appeal. His attorney joined in the motion. Because appellant's
motion meets all the requirements of Texas Rule of Appellate Procedure 42.2(a), and
because this court has not delivered its decision prior to receiving appellant's motion, the
motion must be, and is hereby, granted.

 Having dismissed the appeal at appellant's request, no motions for rehearing will
be entertained and our mandate will issue forthwith.


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002). 



 + ".style.visibility = 'visible'" );
 else
 {
 if( floatwnd == 0 || floatwnd.closed )
 floatwnd = window.open( "", "comment", "toolbars=0,width=600,height=200,resizable=1,scrollbars=1,dependent=1" );
 floatwnd.document.open( "text/html", "replace" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( "\r\n" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( WPtext );
 floatwnd.document.write( '
Close');
 floatwnd.document.write( "
" );
 floatwnd.document.close();
 floatwnd.focus();
 }
}

function WPHide( WPid )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'hidden'" );
}







NO. 07-08-0213-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 11, 2009
______________________________

STACY L. CONNER, APPELLANT

V.

KENNETH CHERNUSHEK AND LOLA CHERNUSHEK, APPELLEES
_________________________________

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-540,901; HONORABLE RUBEN REYES, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
 
MEMORANDUM OPINION
 
                     Appellant Stacy L. Conner, acting pro se, appeals a summary judgment in
favor of appellees Kenneth and Lola Chernushek. We affirm.
Background
          Conner filed suit in October 2007, alleging the Chernusheks were liable to him on
several theories. The subject of the lawsuit was residential property in Lubbock previously
owned by Conner. The summary judgment record indicates Conner conveyed the property
to Lola Chernushek, his mother, in 1998. Conner’s pleadings acknowledged he signed the
deed conveying the property, but alleged the conveyance was not a “true sale” but one
made for convenience and that the residence continued to serve as his homestead. He
alleged the Chernusheks later sold the property, depriving him of his home. 
          In March 2008, the Chernusheks filed a no-evidence motion for summary judgment,
asserting there had been adequate time for discovery and Conner had no evidence to
establish the essential elements of his claims. Conner brought forth no evidence in
response to the Chernusheks’ motion. Instead, he filed a response contending that facts
stated in the Chernusheks’ motion were sufficient to defeat their no-evidence summary
judgment motion. The trial court granted the motion, and this appeal followed.
Analysis
Standard of Review           
          We review summary judgments de novo. Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005). In reviewing the trial court's summary judgment, we must
examine the entire summary judgment record in the light most favorable to the nonmovant,
indulging every reasonable inference and resolving any doubts against the motion. Yancy
v. United Surgical Partners Intern., Inc., 236 S.W.3d 778, 782 (Tex. 2007); City of Keller
v. Wilson, 168 S.W.3d 802, 824-25 (Tex. 2005). 
 
          Rule 166a(i) of the Rules of Civil Procedure provides, “[a]fter adequate time for
discovery, a party without presenting summary judgment evidence may move for summary
judgment on the ground that there is no evidence of one or more essential elements of a
claim or defense on which an adverse party would have the burden of proof at trial. The
motion must state the elements as to which there is no evidence. The court must grant the
motion unless the respondent produces summary judgment evidence raising a genuine
issue of material fact.” Tex. R. Civ. P. 166(a)(i); LMB, Ltd. v. Moreno, 201 S.W.3d 686,
688 (Tex. 2006). A party who files a no-evidence summary judgment motion pursuant to
Rule 166a(i) has essentially requested a pretrial directed verdict. Mack Trucks, Inc. v.
Tamez, 206 S.W.3d 572, 581 (Tex. 2006). When the movant files its motion in proper form,
the burden shifts to the nonmovant to defeat the motion by presenting evidence that raises
an issue of material fact regarding the elements challenged by the motion. Id. at 582;
Weaver v. Highlands Ins. Co., 4 S.W.3d 826, 829 (Tex.App.–Houston [1st Dist.] 1999, no
pet.). 
          To avoid summary judgment, Conner was required to present the trial court with
evidence raising a genuine issue of material fact on the challenged elements. Tex. R. Civ.
P. 166a(i). This required him to present more than a scintilla of probative evidence on
each challenged element of his causes of action. King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 751 (Tex. 2003); DR Partners v. Floyd, 228 S.W.3d 493 (Tex.App.–
Texarkana 2007, pet. denied). More than a scintilla of evidence exists when the evidence
“rises to a level that would enable reasonable and fair-minded people to differ in their
conclusions.” Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d at 711. If Conner
failed to bring forth such evidence, the trial court was required to grant the Chernusheks’
motion. See Tex. R. Civ. P. 166a(i); Sudan, 199 S.W.3d at 292. 
Application
          On appeal, Conner reiterates the argument he made to the trial court, that the
Chernusheks’ motion admitted facts providing more than a scintilla of probative evidence
to raise a genuine issue of material fact as to the essential elements of his claims. The
facts to which he refers, which we agree are stated in the Chernusheks’ motion for
summary judgment, are that Conner “was the owner” of the residence.


 Conner asserts
that his ownership of the home and his claim that the property was his homestead provide 
sufficient evidence to show a material fact as to the essential elements of his claims. We
do not agree the fact Conner was the owner of the residence, together with reasonable
inferences from that fact, establish the existence of genuine issues of material fact
sufficient to defeat the Chernusheks’ motion.
Conner’s Causes of Action
          As we construe the record, Conner asserted claims of theft, breach of contract,
fraud and breach of fiduciary duty against the Chernusheks. We consider each claim,
beginning with his claim for theft. Conner argues that to prove theft a plaintiff must first
show he owned the property stolen, and reasons that evidence he owned the property
before its conveyance satisfies that burden. We need not discuss that contention, because
the Chernusheks’ motion challenged all the elements of Conner’s causes of action, and
the evidence to which he points does not even arguably address all the elements of theft.
            Under section 134.002(2) of the Texas Civil Practices and Remedies Code, theft
is defined as “unlawfully appropriating property or unlawfully obtaining services as
described by Section 31.03, 31.04, 31.05, 31.07, 31.11, 31.12, 31.13, or 31.14" of the
Texas Penal Code. Tex. Civ. Prac. & Rem. Code Ann. § 134.002(2) (Vernon 2005). 
Section 31.03 is the only Penal Code section of those listed that arguably applies here. 
It states:
(a) A person commits an offense if he unlawfully appropriates property with intent
to deprive the owner of the property.
 
          (b) Appropriation of property is unlawful if:
 
                     (1) it is without the owner’s effective consent;
 
(2) the property is stolen and the actor appropriates the property
knowing it was stolen by another; or
 
(3) property in the custody of any law enforcement agency was
explicitly represented by any law enforcement agent to the actor as
being stolen and the actor appropriates the property believing it was
stolen by another. 
 
          See Tex. Penal Code Ann. § 31.03 (Vernon 2003). The summary judgment record
contains no evidence of any conduct by the Chernusheks that would constitute theft under
section 31.03, or any of the other enumerated sections, of the Texas Penal Code. Even
indulging in every reasonable inference in Conner’s favor and resolving any doubts against
the Chernusheks, the statements and facts to which Conner points are inadequate to raise
a genuine issue of fact with regard to any of the elements of his theft cause of action. 
          To prevail on his breach of contract claim, Conner was required to prove: (1) the
existence of a valid contract; (2) performance or tendered performance by Conner; (3)
breach of contract by the Chernusheks; and (4) damages sustained as a result of the
breach. Paragon General Contractors, Inc. v. Larco Const., Inc., 227 S.W.3d 876, 882
(Tex.App.–Dallas 2007, no pet.); Valero Marketing & Supply Co. v. Kalama Int’l, 51 S.W.3d
345, 351 (Tex.App.–Houston [14th Dist.] 2006, pet. denied). Conner’s response does not
point to evidence of any of these elements. 
          The essential elements of his claim of fraud against the Chernusheks were: (1) the
Chernusheks made a false representation to Conner; (2) the representation was material;
(3) when the Chernusheks made the representation, they knew the representation was
false; (4) the Chernusheks made the representation with the intent that Conner act on it;
(5) Conner relied on the representation; and (6) the representation caused Conner injury. 
Ernst & Young v. Pacific Mut. Life. Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001). Again, even
indulging in every reasonable inference from the evidence and resolving any doubts
against the Chernusheks, the record lacks evidence of any of the elements of fraud.
 
          Last, Conner’s breach of fiduciary duty claim against the Chernusheks required that
he prove: (1) a fiduciary relationship between Conner and the Chernusheks; (2) the
Chernusheks breached their fiduciary duty to Conner; and (3) the Chernusheks’ breach
caused injury to Conner or benefit to the Chernusheks. Lundy v. Masson, 260 S.W.3d
482, 501 (Tex.App.–Houston [14th Dist.] 2008, pet. denied); Jones v. Blume, 196 S.W.3d
440, 447 (Tex.App.–Dallas 2006, pet. denied). Indulging in Conner’s favor every
reasonable inference, the undisputed facts that he is the adult son of Lola Chernushek and
conveyed the property to her do not raise an issue of fact as to her breach of a fiduciary
relationship.
           Because Conner failed to satisfy his burden to respond to the Chernusheks’ no-evidence motion for summary judgment by pointing to evidence raising a genuine issue of
material fact as to one or more of the essential elements of his claims, the trial court
properly granted the motion. Tex. R. Civ. P. 166(a)(i). We overrule Conner’s first issue.
Due Process Violation
          Conner also appears to raise an issue challenging the trial court’s action of deciding
the Chernusheks’ no-evidence motion for summary judgment without holding a hearing. 
He seems to contend that in doing so, the trial court violated his due process rights. 
           Since a summary judgment is based solely on the parties’ pleadings, discovery
responses, sworn affidavits and other valid summary judgment evidence, and since no new
evidence may be received at an oral hearing, and oral testimony may not be considered,
the decision whether to grant an oral hearing on a summary judgment motion is
discretionary with the trial court. Moody v. James, No. 06-08-00132-CV, 2009 WL 127866
(Tex.App.–Texarkana Jan. 21, 2009, pet. denied) (mem. op.); Giese v. NCNB Tex. Forney
Banking Ctr., 881 S.W.2d 776, 783 (Tex.App.–Dallas 1994, no writ); Adamo v. State Farm
Lloyds Co., 853 S.W.2d 673, 677 (Tex.App.–Houston [14th Dist.] ), writ denied per curiam,
864 S.W.2d 491 (Tex.1993), cert. denied, 511 U.S. 1053, 114 S.Ct. 1613, 128 L.Ed.2d 340
(1994). Conner received notice of the motion, had a reasonable opportunity to present his
written response, and did so. We do not agree his right to due process was violated. See
Whiteside v. Ford Motor Credit Co., 220 S.W.3d 191, 194 (Tex.App.–Dallas 2007, no pet.)
(rejecting similar contention).
Scheduling Order
          Last, Conner raises a complaint concerning the trial court’s scheduling order. By
way of this complaint, Conner appears to argue he was not allowed proper time in which
to conduct discovery and argues the first scheduling order was deficient and inconsistent.
Conner contends this case should “simply start over from the very beginning with a brand
new trial date set, as well as new deadlines for witness lists, discovery, etc.” 
          A party contending that he has not had an adequate opportunity for discovery before
a summary judgment hearing must file either an affidavit explaining his need for additional
discovery or a verified motion for continuance. Cooper v. Circle Ten Council Boy Scouts
of America, 254 S.W.3d 689, 696 (Tex.App.–Dallas 2008, no pet.). Conner filed neither.


 
We see no abuse of discretion in the timing of the trial court’s consideration of the motion
for summary judgment.
          We overrule Conner’s additional issues and affirm the judgment of the trial court.
 
                                                                                      James T. Campbell

                                                                                                 Justice