NO. 07-08-0213-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 11, 2009
_____

STACY L. CONNER, APPELLANT

V.

KENNETH CHERNUSHEK AND LOLA CHERNUSHEK, APPELLEES
_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-540,901; HONORABLE RUBEN REYES, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Stacy L. Conner, acting *pro se,* appeals a summary judgment in favor of appellees Kenneth and Lola Chernushek.  We affirm.

Background

Conner filed suit in October 2007, alleging the Chernusheks were liable to him on several theories.  The subject of the lawsuit was residential property in Lubbock previously owned by Conner.  The summary judgment record indicates Conner conveyed the property

to Lola Chernushek, his mother, in 1998. Conner's pleadings acknowledged he signed the deed conveying the property, but alleged the conveyance was not a "true sale" but one made for convenience and that the residence continued to serve as his homestead. He alleged the Chernusheks later sold the property, depriving him of his home.

In March 2008, the Chernusheks filed a no-evidence motion for summary judgment, asserting there had been adequate time for discovery and Conner had no evidence to establish the essential elements of his claims. Conner brought forth no evidence in response to the Chernusheks' motion. Instead, he filed a response contending that facts stated in the Chernusheks' motion were sufficient to defeat their no-evidence summary judgment motion. The trial court granted the motion, and this appeal followed.

Analysis

*Standard of Review*

We review summary judgments *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In reviewing the trial court's summary judgment, we must examine the entire summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Yancy v. United Surgical Partners Intern., Inc.,* 236 S.W.3d 778, 782 (Tex. 2007); *City of Keller v. Wilson,* 168 S.W.3d 802, 824-25 (Tex. 2005).

2

Rule 166a(i) of the Rules of Civil Procedure provides, "[a]fter adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." Tex. R. Civ. P. 166(a)(i); *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006). A party who files a no-evidence summary judgment motion pursuant to Rule 166a(i) has essentially requested a pretrial directed verdict. *Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 581 (Tex. 2006). When the movant files its motion in proper form, the burden shifts to the nonmovant to defeat the motion by presenting evidence that raises an issue of material fact regarding the elements challenged by the motion. *Id.* at 582; *Weaver v. Highlands Ins. Co.*, 4 S.W.3d 826, 829 (Tex.App.–Houston [1st Dist.] 1999, no pet.).

To avoid summary judgment, Conner was required to present the trial court with evidence raising a genuine issue of material fact on the challenged elements. Tex. R. Civ. P. 166a(i). This required him to present more than a scintilla of probative evidence on each challenged element of his causes of action. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *DR Partners v. Floyd*, 228 S.W.3d 493 (Tex.App.–Texarkana 2007, pet. denied). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d at 711. If Conner

3

failed to bring forth such evidence, the trial court was required to grant the Chernusheks' motion. *See* Tex. R. Civ. P. 166a(i); *Sudan,* 199 S.W.3d at 292.

*Application*

On appeal, Conner reiterates the argument he made to the trial court, that the Chernusheks' motion admitted facts providing more than a scintilla of probative evidence to raise a genuine issue of material fact as to the essential elements of his claims. The facts to which he refers, which we agree are stated in the Chernusheks' motion for summary judgment, are that Conner "was the owner" of the residence.[1] Conner asserts that his ownership of the home and his claim that the property was his homestead provide sufficient evidence to show a material fact as to the essential elements of his claims. We do not agree the fact Conner was the owner of the residence, together with reasonable inferences from that fact, establish the existence of genuine issues of material fact sufficient to defeat the Chernusheks' motion.

*Conner's Causes of Action*

As we construe the record, Conner asserted claims of theft, breach of contract, fraud and breach of fiduciary duty against the Chernusheks. We consider each claim,

---

[1] We note that Conner's response to the no-evidence summary judgment motion contains some factual recitations. The response is unsworn and thus cannot serve as competent summary judgment evidence. *See, e.g., Alaniz v. Rebello Food & Beverage, L.L.C.,* 165 S.W.3d 7, 14 n.12 (Tex.App.–Houston [14th Dist.] 2005, no pet.) (collecting cases). Even were we to consider the statements in the response, we still would conclude Conner has not raised a genuine issue of material fact as to the elements of any of his asserted causes of action.

4

beginning with his claim for theft. Conner argues that to prove theft a plaintiff must first show he owned the property stolen, and reasons that evidence he owned the property before its conveyance satisfies that burden. We need not discuss that contention, because the Chernusheks' motion challenged all the elements of Conner's causes of action, and the evidence to which he points does not even arguably address all the elements of theft.

Under section 134.002(2) of the Texas Civil Practices and Remedies Code, theft is defined as "unlawfully appropriating property or unlawfully obtaining services as described by Section 31.03, 31.04, 31.05, 31.07, 31.11, 31.12, 31.13, or 31.14" of the Texas Penal Code. Tex. Civ. Prac. & Rem. Code Ann. § 134.002(2) (Vernon 2005). Section 31.03 is the only Penal Code section of those listed that arguably applies here. It states:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of the property.

(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent;

(2) the property is stolen and the actor appropriates the property knowing it was stolen by another; or

(3) property in the custody of any law enforcement agency was explicitly represented by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another.

5

*See* Tex. Penal Code Ann. § 31.03 (Vernon 2003). The summary judgment record contains no evidence of any conduct by the Chernusheks that would constitute theft under section 31.03, or any of the other enumerated sections, of the Texas Penal Code. Even indulging in every reasonable inference in Conner's favor and resolving any doubts against the Chernusheks, the statements and facts to which Conner points are inadequate to raise a genuine issue of fact with regard to any of the elements of his theft cause of action.

To prevail on his breach of contract claim, Conner was required to prove: (1) the existence of a valid contract; (2) performance or tendered performance by Conner; (3) breach of contract by the Chernusheks; and (4) damages sustained as a result of the breach. *Paragon General Contractors, Inc. v. Larco Const., Inc.,* 227 S.W.3d 876, 882 (Tex.App.–Dallas 2007, no pet.); *Valero Marketing & Supply Co. v. Kalama Int'l,* 51 S.W.3d 345, 351 (Tex.App.–Houston [14th Dist.] 2006, pet. denied). Conner's response does not point to evidence of any of these elements.

The essential elements of his claim of fraud against the Chernusheks were: (1) the Chernusheks made a false representation to Conner; (2) the representation was material; (3) when the Chernusheks made the representation, they knew the representation was false; (4) the Chernusheks made the representation with the intent that Conner act on it; (5) Conner relied on the representation; and (6) the representation caused Conner injury. *Ernst & Young v. Pacific Mut. Life. Ins. Co.,* 51 S.W.3d 573, 577 (Tex. 2001). Again, even indulging in every reasonable inference from the evidence and resolving any doubts against the Chernusheks, the record lacks evidence of any of the elements of fraud.

6

Last, Conner's breach of fiduciary duty claim against the Chernusheks required that he prove: (1) a fiduciary relationship between Conner and the Chernusheks; (2) the Chernusheks breached their fiduciary duty to Conner; and (3) the Chernusheks' breach caused injury to Conner or benefit to the Chernusheks. *Lundy v. Masson,* 260 S.W.3d 482, 501 (Tex.App.–Houston [14th Dist.] 2008, pet. denied); *Jones v. Blume,* 196 S.W.3d 440, 447 (Tex.App.–Dallas 2006, pet. denied). Indulging in Conner's favor every reasonable inference, the undisputed facts that he is the adult son of Lola Chernushek and conveyed the property to her do not raise an issue of fact as to her breach of a fiduciary relationship.

Because Conner failed to satisfy his burden to respond to the Chernusheks' no-evidence motion for summary judgment by pointing to evidence raising a genuine issue of material fact as to one or more of the essential elements of his claims, the trial court properly granted the motion. Tex. R. Civ. P. 166(a)(i). We overrule Conner's first issue.

*Due Process Violation*

Conner also appears to raise an issue challenging the trial court's action of deciding the Chernusheks' no-evidence motion for summary judgment without holding a hearing. He seems to contend that in doing so, the trial court violated his due process rights.

Since a summary judgment is based solely on the parties' pleadings, discovery responses, sworn affidavits and other valid summary judgment evidence, and since no new evidence may be received at an oral hearing, and oral testimony may not be considered, the decision whether to grant an oral hearing on a summary judgment motion is

7

discretionary with the trial court. *Moody v. James,* No. 06-08-00132-CV, 2009 WL 127866 (Tex.App.–Texarkana Jan. 21, 2009, pet. denied) (mem. op.); *Giese v. NCNB Tex. Forney Banking Ctr.*, 881 S.W.2d 776, 783 (Tex.App.–Dallas 1994, no writ); *Adamo v. State Farm Lloyds Co.*, 853 S.W.2d 673, 677 (Tex.App.–Houston [14th Dist.] ), writ denied *per curiam,* 864 S.W.2d 491 (Tex.1993), *cert. denied,* 511 U.S. 1053, 114 S.Ct. 1613, 128 L.Ed.2d 340 (1994). Conner received notice of the motion, had a reasonable opportunity to present his written response, and did so. We do not agree his right to due process was violated. *See Whiteside v. Ford Motor Credit Co.,* 220 S.W.3d 191, 194 (Tex.App.–Dallas 2007, no pet.) (rejecting similar contention).

*Scheduling Order*

Last, Conner raises a complaint concerning the trial court's scheduling order. By way of this complaint, Conner appears to argue he was not allowed proper time in which to conduct discovery and argues the first scheduling order was deficient and inconsistent. Conner contends this case should "simply start over from the very beginning with a brand new trial date set, as well as new deadlines for witness lists, discovery, etc."

A party contending that he has not had an adequate opportunity for discovery before a summary judgment hearing must file either an affidavit explaining his need for additional discovery or a verified motion for continuance. *Cooper v. Circle Ten Council Boy Scouts of America,* 254 S.W.3d 689, 696 (Tex.App.–Dallas 2008, no pet.). Conner filed neither.[2]

_____

[2] Conner also acted *pro se* in the trial court. He emphasizes his status as a layman and his lack of familiarity with court procedures. Although we may read *pro se* appellate briefs liberally, Tex. R. App. P. 38.9; Tex. R. App. P. 38.1(e); *Sterner v. Marathon Oil Co.,*

8

We see no abuse of discretion in the timing of the trial court's consideration of the motion for summary judgment.

We overrule Conner's additional issues and affirm the judgment of the trial court.

James T. Campbell
Justice

---

767 S.W.2d 686, 690 (Tex. 1989), the law is clear that a party proceeding *pro se* must "comply with all applicable procedural rules." *Weaver v. E-Z Mart Stores, Inc.,* 942 S.W.2d 167, 169 (Tex.App.–Texarkana 1997, no pet.).  *See also Harris v. Showcase Chevrolet,* 231 S.W.3d 559, 561 (Tex.App.–Dallas 2007, no pet.).  As this court has observed, if that were not true, *pro se* litigants would be afforded an unfair advantage over those represented by counsel. *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 759 (Tex.App.–Amarillo 1998, pet. denied).