**Samuel D. ADAMO and Tana Adamo, Appellants,**

v.

**STATE FARM LLOYDS COMPANY, Appellee.**

No. B14–92–00650–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 1, 1993.

Rehearing Denied April 29, 1993.

William Fred Hagans, Pat Tulinski, Houston, for appellants.

Barry G. Flynn, Paul A. Hoefker, Mark W. Thayer, Houston, for appellee.

Before SEARS, DRAUGHN and BOWERS, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from the granting of a summary judgment in a declaratory judgment action. Appellants claimed that appellee had a duty to defend them in a separate lawsuit filed against them by Joseph Marino. Appellee filed a declaratory judgment action and a motion for summary judgment, alleging that no duty to defend existed because the appellants' insurance policy did not cover the causes of action asserted against them by Marino. The trial court granted the summary judgment on those grounds. Appellants filed a motion for new trial which was denied. Oral hearings were requested by appellants on both the summary judgment and new trial motions. Both requests were denied. In three points of error, appellants attack the

granting of the summary judgment on substantive grounds, as well as on the basis that they were denied their procedural right to an oral hearing on the summary judgment motion. We affirm the judgment of the trial court.

Appellants are insured by a broad form homeowner's policy which they obtained from appellee. This policy provides that appellee "shall defend any suit against the insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent...." The policy also contained certain liability exclusions. Specifically relevant to this lawsuit were the policy provisions excluding coverage for ... "business pursuits, the rendering of professional services, bodily injury or property damage caused intentionally by the insured, liability assumed by the insured through contract, and damage to property in the care, custody or control of the insured."

Appellant Sam Adamo ("Adamo") is a partner in the law firm of Adamo & Cornelius. Joseph Marino ("Marino") sued appellants Sam and Tana Adamo, along with Adamo's partner R.P. Cornelius, the law firm itself, Gene Michael Rebescher, and World Fibers, Inc. In his petition, Marino asserted several causes of action against appellants, including: legal malpractice; breach of contract; negligent infliction of mental anguish; breach of fiduciary duty; fraud and conspiracy to defraud; and conversion.

The factual scenario giving rise to Marino's claims is of ultimate importance in determining whether the trial court properly concluded that appellee had no duty to defend appellants in the Marino lawsuit. Marino claimed that when, in January 1989, he was subpoenaed to appear before a federal grand jury to provide his fingerprints, he turned for advice to his long-time friend and lawyer, Sam Adamo. Marino asserted that Sam advised him to leave the country until the criminal matter was resolved. Marino and Adamo then made arrangements for the transfer of Marino's personal property and the management of his business, World Fibers, Inc., to Sam's friend, Gene Rebescher ("Rebescher"), while Sam and his partner, R.P. Cornelius, attempted to resolve the criminal matter. After this was accomplished, Adamo made provisions for Marino to travel and reside in Colombia until the federal investigation was over.

Marino alleged in his petition that upon his return to the United States, he found that all of his personal property, including his home and several automobiles, had been sold. He also discovered that his twenty-five year old business had been reincorporated under a different name, and Rebescher refused to relinquish control. Marino asserted in his petition that Sam Adamo and Rebescher were, in all respects, aided by Tana Adamo (Tana) and Cornelius.

After receiving notice of Marino's lawsuit against them, appellants contacted the appellee insurance company and claimed that appellee had a duty to defend them under their homeowner's policy. Appellants asserted that the policy provided coverage for personal injury and property damage, and entitled them to a defense, even if Marino's claims were groundless. Appellee responded with a reservation of rights letter, and informed appellants that it would pay for an attorney of appellants' choice until such time as the duty to defend was determined by a court of law. Appellee noted that such a conflict of interests existed between it and the Adamos that appellants should choose their own attorney, as opposed to using one provided by appellee. Appellee ultimately determined that no duty to defend existed because the facts giving rise to the Marino lawsuit fell within certain exclusions of appellants' policy. Seeking legal affirmation of its conclusion, appellee filed a declaratory judgment action and motion for summary judgment against appellants. Appellants responded, and after denying appellants' request for oral hearing on the summary judgment motion, the trial court granted appellee's summary judgment. Appellants' motion for new trial and request for oral hearing on the motion for new trial were also denied.

In point of error one, appellants launch a substantive attack on the trial court's granting of appellee's motion for summary judgment. Appellants contend the summary judgment was improper because appellee failed to prove as a matter of law that it had no duty to defend appellants in the Marino lawsuit.

When reviewing an appeal from the granting of a summary judgment, we must: (1) determine whether the movant carried its burden to show that no genuine issue of material fact existed; (2) accept the evidence favorable to the non-movant as true, and; (3) indulge every reasonable inference in the non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Dieter v. Baker Serv. Tools, A Div. of Baker Int'l, Inc.*, 776 S.W.2d 781, 783 (Tex.App.—Corpus Christi 1989, writ denied). If, as in the present case, the motion for summary judgment is based on the facts alleged in the petition, we must accept as true every allegation against which the motion is directed. *Abbott v. City of Kaufman*, 717 S.W.2d 927, 929 (Tex.App.—Tyler 1986, writ dism'd); *Gottlieb v. Hofheinz*, 523 S.W.2d 7, 10 (Tex.App.—Houston [1st Dist.] 1975, writ dism'd).

Appellants claim that a fact issue existed with regard to whether appellee had a duty to defend. In Texas, an insurer has the burden to prove that the allegations contained in the underlying plaintiff's petition are excluded from coverage. *Evans v. General Ins. Co.*, 390 S.W.2d 818, 821–22 (Tex.Civ.App.—Dallas 1965, no writ). Any doubt is resolved in the insured's favor. *See Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 666 (Tex.1987).

While appellants concede that the legal malpractice claims would not be covered by the homeowner's policy, they argue that appellee has a duty to defend the entire suit if a duty to defend exists with regard to any aspect of the case. *See Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 26 (Tex. 1965). If a case is *potentially* within the policy coverage, the insurer has a duty to defend. *Mary Kay Cosmetics, Inc. v.*

*North River Ins. Co.*, 739 S.W.2d 608, 612 (Tex.App.—Dallas 1987, no writ) (emphasis added).

Appellants assert that the Marino lawsuit potentially falls within the policy coverage because Marino's petition alleged that a fiduciary relationship existed between the parties as the result of a long-time *personal* relationship. Hence, appellants argue that such allegations give rise to an ambiguity in the petition as to whether the causes of action arise out of a professional relationship, which would be excluded from coverage, or a personal relationship, which might potentially be covered, giving rise to a duty to defend. At the very least, appellants claim that Tana Adamo is entitled to a defense because she is not a lawyer, and all her dealings with Marino arise out of a personal friendship with him. We find appellants' argument creative, but without merit.

The focus of appellants' argument is misplaced. It is not the cause of action alleged which determines coverage but the *facts* giving rise to the alleged actionable conduct. The primary thrust of Marino's petition was that he had been harmed by virtue of his dealings with Sam Adamo and the other defendants in their capacity of representing him and handling his personal and business dealings while he was out of the country. But for Adamo's advice that Marino leave the United States, the property would not have been transferred to Rebescher. But for the fact that Adamo and Cornelius were lawyers, Marino would not have turned to them for help in the criminal matter. But for their counsel *as attorneys*, Marino would not have relied upon their suggestions on how to administer his affairs while he was gone, nor would Tana have been sued for conduct resulting from her husband's actions as Marino's attorney. The fact that Marino and the Adamos were friends is incidental to the facts giving rise to this lawsuit. When legal malpractice is claimed, the mere existence of a friendship between the attorney and client does not automatically implicate a duty to defend the attorney by

the insurance carrier under some other broad, non-malpractice insurance, such as a homeowner's policy. If friendship were a triggering factor, an attorney could forego malpractice insurance and plead friendship to obtain his carrier's defense under his homeowner's policy. If a petition alleges facts that, *prima facie,* exclude the insured from coverage, the insurer has no duty to defend. *Holmes v. Employers Casualty Company,* 699 S.W.2d 339, 340 (Tex.App.— Houston [1st Dist.] 1985, writ ref'd n.r.e.). Marino's petition did just that by alleging a cause of action which arose only because of the professional attorney-client relationship. The origin of all the damages alleged by Marino stems from this professional relationship between him and Adamo. And in determining the applicability of an exclusion, we must focus on the origin of the damages and not the legal theories asserted for recovery. *Continental Casualty Co. v. Hall,* 761 S.W.2d 54, 56 (Tex.App.— Houston [14th Dist.] 1988, writ denied).

As for all the allegations against Tana, they can be traced back to the professional relationship of Adamo and Marino. The allegation of a violation of fiduciary duties against her derives from this relationship. And a careful review of the allegations reflects that the fiduciary duty allegation would also fall under the other exclusions in whole or in part pertaining to intentional acts, business pursuits, liability under agreements and damage to property in the care, custody, and control of the insured. Point of error one is overruled.

■ In points of error two and three, appellants claim that the trial court committed reversible error when it granted appellee's motion for summary judgment without allowing an oral hearing on the motion. Appellants further contend that the trial court's denial of their request for an oral hearing violated their federal and state constitutional rights to procedural due process and open courts. We disagree.

■ Appellants did properly request an oral hearing on the motion for summary judgment. In any event, the decision whether to grant an oral hearing on a summary judgment motion is purely within

the discretion of the trial judge. Unless the judge requires it, oral argument is not always necessary or desirable in summary judgment proceedings because no new evidence may be received, and oral testimony may not be considered. *Richards v. Allen,* 402 S.W.2d 158, 160 (Tex.1966). The trial court may only determine the merits of the summary judgment action based upon the pleadings, discovery responses, sworn affidavits, and other valid evidence submitted as grounds for the granting or denial of the motion. Tex.R.Civ.P. 166a(c); *Martin v. Cohen,* 804 S.W.2d 201, 203 (Tex.App.— Houston [14th Dist.] 1991, no writ). Hence, an oral hearing on summary judgment is little more than argument of counsel. *Gordon v. Ward,* 822 S.W.2d 90, 92 (Tex.App.—Houston [1st Dist.] 1991, writ denied). As such, we find no reversible error in the denial of appellants' request for oral hearing on the motion. The trial judge had all the relevant evidence from both parties before him, including Marino's petition and the insurance policy in question. It was entirely within the trial court's discretion to allow or dispense with oral argument. Even if oral argument might have been interesting and helpful, we cannot mandate that trial courts must hear it. We certainly cannot say that the trial court acted so arbitrarily as to amount to a clear and prejudicial error of law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916 (Tex.1985). We, as an appellate court, cannot reverse a judgment unless we find that the error, if any, caused the rendition of an improper judgment, or prevented the appellant from making a proper appellate presentation of the case. Tex.R.App.P. 81(b) (Vernon Supp.1992). Even conceding the potentially persuasive skills of appellant's attorney in a summary judgment hearing, we have been presented with no evidence that appellant has been harmed by the trial court's refusal to hold a hearing. If our analysis is incorrect and the trial court somehow erred in denying appellant's request for oral hearing, such error was clearly harmless, as the court has all the requisite summary judgment evidence before him to decide the matter. Points of error two and three are overruled.

Accordingly, the judgment of the trial court is

AFFIRMED.