IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20952

Summary Calendar

_____

UNITED NATIONAL INSURANCE COMPANY
          Plaintiff-Counter Defendant-Appellee

versus

SIPCO SERVICES AND MARINE INC; SIPCO SERVICES INC; BROWN & ROOT
INC, doing business as Brown & Root Braun
          Defendants-Counter Claimants-Appellants

AMOCO OIL COMPANY; AMOCO CORPORATION; AMOCO CHEMICAL COMPANY
          Defendants-Appellants

_____

Appeals from the United States District Court
For the Southern District of Texas
USDC No. H-97-CV-3720

_____

April 12, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     This is an appeal of a declaratory judgment in favor of United

Insurance Company to determine coverage and the duty to defend in

state court litigation over a personal injury.  Sidney Ervin was

employed by SIPCO, a subcontractor for Brown & Root, which was a

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

general contractor working under contract with Amoco at its Chocolate Bayou plant in Brazoria County, Texas. Ervin claimed he was injured by inhaling toxic chemicals in the course of his employment as a sandblaster and painter working on petroleum storage plants at the Chocolate Bayou plant. The personal injury claim has been settled, but a cross-claim for indemnity by Brown & Root and Amoco against SIPCO is pending in state court. The district court adopted the magistrate judge's recommendation to grant United Insurance Company's motion for summary judgment, determining that the insurance policy's pollution exclusion clause barred coverage of the personal injury claim as a matter of law. We AFFIRM.

We review *de novo* the interpretation of insurance contracts. *See Certain Underwriters at Lloyd's London v. C.A. Turner Constr. Co.*, 112 F.3d 184, 186 (5th Cir. 1997).

The appellants argue that Ervin's claim was covered by the policy because he sued for the failure to provide him with proper respiratory equipment rather than for being exposed to toxic fumes. Texas courts consider the factual allegations on which a claim is based rather than the legal theories on which the claimant relies. *See National Union Fire Ins. Co. of Pittsburgh v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997)(per curiam); *see also Adamo v. State Farm Lloyds Co.*, 853 S.W.2d 673, 676 (Tex. App. -- Houston [14th Dist.] 1993, writ denied)(stating that "[i]t is not the cause of action alleged that determines coverage but the *facts* giving rise to the alleged actionable conduct")(emphasis in

2

original).  We agree with the district court that the facts alleged control the coverage issue rather than the plaintiff's legal theories in the underlying action.  In any event, the policy excludes coverage for

    a) The contamination of any environment by pollutants that are
    introduced at any time, anywhere, in any way;
    b) Any bodily injury, personal injury, . . . arising out of
    such contamination[.]

We agree with the district court that Ervin's injury arose out of the contamination[1] of the environment in which he worked by pollutants.  Although Ervin sued for the failure to provide him with protective equipment, the policy unambiguously excludes coverage for his bodily injury, which arose from the presence of pollutants.

Under the Texas doctrine of concurrent causation the insurer will have a duty to defend and indemnify when there are independent causes of an injury, one of which is covered and the other excluded by the policy.  *See Guaranty Nat'l Ins. Co. v. North River Ins. Co.*, 909 F.2d 133, 137 (5th Cir. 1990).  The appellants argue that the pollutants and the failure to provide Ervin with proper protective gear were independent causes of his injury, avoiding the pollution exclusion clause.

However, under Texas law, the insurer is not liable when a covered cause is dependent upon the excluded cause.  *See Commercial Union Ins. Co. v. Roberts*, 7 F.3d 86, 89-90 (5th Cir. 1993).  In

---

[1]The policy defines "contamination" as "any unclean or unsafe or damaging or injurious or unhealthful condition arising out of the presence of pollutants, whether permanent or transient in any environment."

*Commercial Union*, the defendant was sued in negligence for failing to obtain treatment for pedophilia, which would have prevented him from sexually molesting his victims. *See* 7 F.3d at 87. The insurance company argued there was no coverage or duty to defend because the intentional conduct -- the sexual molestation -- was not covered by the policy, and the defendant argued that the causes were concurrent and independent. *See Commercial Union*, 7 F.3d at 88. We distinguished *Guaranty* and found no duty to defend or indemnify, reasoning that "[t]he allegations are not mutually exclusive; rather they are related and interdependent. Without the underlying sexual molestation there would have been no injury and obviously no basis for a suit against Dr. Roberts for negligence." *Commercial Union*, 7 F.3d at 89-90.

Here, the pollutants and failure to provide Ervin with protective gear would constitute related and interdependent causes of his injury, since the failure to provide him with the equipment was a cause of his injury only because of his exposure to the pollutants. Since his exposure to the pollutants was a necessary condition of his respiratory injury, the failure to provide him with protective gear cannot be an independent cause of that injury. As in *Commercial Union*, without the contamination there would have been no injury and hence no suit against the employer for negligence. The district court properly determined that there was no coverage.

Because we find that there is no coverage, we do not reach the appellant's argument that there was coverage in spite of the fact

4

that Ervin was exposed to the chemicals before United Insurance Company issued the policy in question and manifested the injury afterward.

AFFIRMED.