Opinion issued November 24, 2004








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01063-CV




FOUNDERS COMMERCIAL, LTD. D/B/A WESTCHASE GABLES,
Appellant

V.

TRINITY UNIVERSAL INSURANCE COMPANY, Appellee




On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2002-55419




O P I N I O N
          In this insurance-coverage dispute, Founders Commercial, Ltd. d/b/a
Westchase Gables (“Founders”) appeals the trial court’s summary judgment declaring
that Trinity Universal Insurance Company (“Trinity”) has no duty to defend or
indemnify Founders in a lawsuit brought in federal court. 
          We affirm.
Factual and Procedural Background
          Founders owns eight acres of real property at the intersection of Westminster
Plaza Drive and Richmond Avenue. At the time Founders purchased it, the property
contained no structures. In October 1997, Trinity issued a commercial general
liability (“CGL”) policy, providing coverage for the entire eight acres. 
          Founders later constructed an assisted living care center on the portion of the
eight acres closest to the intersection of Westminster Plaza Drive and Richmond
Avenue. It appears undisputed that approximately half the property remained without
buildings after the construction of the assisted living care center. 
          Trinity renewed the insurance contract for policy years October 1999 to
October 2002 by issuing three, consecutive renewal policies (“the policies”). Each
of the renewal policies contained a designated premises endorsement. The
endorsement provides that coverage is restricted to certain premises, which, in this
case, are defined in the policy declarations.
          Founders began using the trade name “Westchase Gables” in advertising and
promotions around April 2000. In December 2001, Founders began conducting
business at the assisted living care center using the name Westchase Gables. In
February 2002, Gables Residential Trust (“GRT”) filed suit against Founders in
federal court for trademark infringement and dilution of trade name. GRT asserts that
it owns exclusive rights to the service mark “Gables” and alleges that Founders
infringed on these rights by using the name “Westchase Gables” in conjunction with
its apartment management services. 
          After the federal suit was filed, Founders requested Trinity to provide it with
a defense under the policies. Trinity filed a declaratory judgment action in state
court, contending that it had no duty to defend or indemnify Founders based on the
designated premises endorsement in the policies.
          In turn, Founders filed a counterclaim, seeking a declaratory judgment that
Trinity owed it a duty to defend, and, in the event that Founders was obligated to pay
damages in the federal suit, to indemnify. Founders pointed out that the policies
provide coverage for claims against Founders based on an “advertising injury.” 
Founders asserts that, as defined in the policies, GRT’s claims constitute an
“advertising injury” for which Trinity owes it coverage, and, thus, a duty to defend
and to indemnify. 
          Founders also filed a motion for partial summary judgment, contending that
Trinity owed it a duty to defend and indemnify as a matter of law. Trinity responded
to Founders’s motion and filed its own motion for summary judgment. After
considering both motions for summary judgment, the trial court granted Trinity’s
motion and denied Founders’s. Although Trinity offered summary judgment
evidence extrinsic to the insurance policies, including an affidavit and deposition
testimony, the trial court’s order indicates that the court considered only the policies’
language in rendering summary judgment in Trinity’s favor. Specifically, the order
provides that the trial court found “no ambiguity in the terms and no genuine issue
of material fact regarding insurance coverage, and no duty of [Trinity] to defend or
indemnify Founders against the allegations” made by [GRT] in the federal suit. The
trial court ordered that Trinity “does not owe a duty to defend or indemnify
[Founders] against the allegations made by [GRT] in the underlying suit . . . and for
the same reason does not have a duty to indemnify [Founders] against a judgment
based upon such allegations.”
          Founders brings this appeal to challenge the trial court’s ruling on the
respective motions for summary judgment. Founders frames its sole issue as follows:
“Trial court error arises because a reasonable test under the “eight corners” rule
reveals insurance coverage for “Advertising injury” allegations shown within the
complaint filed in an underlying tort lawsuit, and that [Trinity] owed [Founders] a
defense under contested provisions of the insurance policy.” 
Standard of Review
          The well-settled principles governing the review of summary judgments apply
in insurance coverage cases. Hanson v. Republic Ins. Co., 5 S.W.3d 324, 327 (Tex.
App.—Houston [1st Dist.] 1999, pet. denied). That is, a summary-judgment movant
must establish its right to summary judgment on the issues presented to the trial court
by conclusively proving all elements of the movant’s claim or defense as a matter of
law. Tex. R. Civ. P. 166a(c); Havlen v. McDougall, 22 S.W.3d 343, 345 (Tex. 2000). 
If both sides move for summary judgment and the trial court grants one motion and
denies the other, then we review both sides’ summary judgment evidence and
determine all questions presented. FM Props. Operating Co. v. City of Austin, 22
S.W.3d 868, 872 (Tex. 2000) (citing Comm’rs Court of Titus County v. Agan, 940
S.W.2d 77, 81 (Tex. 1997) and Jones v. Strauss, 745 S.W.2d 898, 900 (Tex. 1988)). 
                                   Principles Governing Duty to Defend
          It is well established that a liability insurer’s duty to defend is determined by 
the factual allegations of the pleadings, considered in light of the policy provisions
and without reference to the truth or falsity of the allegations. Nat’l Union Fire Ins.
Co. v. Merchants Fast Motor Lines, Inc., 939 S.W.2d 139, 141 (Tex. 1997); Heyden
Newport Chem. Corp. v. Southern Gen. Ins. Co., 387 S.W.2d 22, 24 (Tex. 1965). 
This test, generally known as the “eight-corners rule,” limits review to the four
corners of the insurance policy and the four corners of the plaintiff’s petition in the
underlying suit. Merchants Fast Motor Lines, 939 S.W.2d at 141; see St. Paul
Surplus Lines Ins. Co. v. Geo Pipe Co., 25 S.W.3d 900, 903 (Tex. App.—Houston
[1st Dist.] 2000, no pet.). 
          If a petition does not allege facts within the scope of coverage, an insurer is not
legally required to defend a suit against its insured. King v. Dallas Fire, 85 S.W.3d
185, 187 (Tex. 2002) If a petition alleges facts that, if taken as true, potentially state
a cause of action within the terms of the policy, the insurer has a duty to defend. 
Merchants Fast Motor Lines, 939 S.W.2d at 141. When applying the eight corners
rule, we give the allegations in the petition a liberal interpretation, focus on the
factual allegations that show the origin of the damages rather than on the legal
theories alleged, and resolve all doubts concerning the duty to defend in favor of the
insured. Id. “It is not the cause of action alleged that determines coverage, but the
facts giving rise to the alleged actionable conduct.” Adamo v. State Farm Lloyds Co.,
853 S.W.2d 673, 676 (Tex. App.—Houston [14th Dist.] 1993, writ denied).
The Relevant Policy Provisions
          The Trinity policies covering the period of October 1999 through October 2003
contain virtually identical language, including the designated premises endorsement,
which restricts coverage to injuries arising out of ownership, maintenance or use of
certain, designated premises. The endorsement is reproduced, in relevant part, as
follows:
This endorsement Changes the Policy. Please Read it Carefully.
LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT
This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART.
SCHEDULE
Premises: 
Project: 

(If no entry appears above, information required to complete this
endorsement will be shown in the Declarations as applicable to this
endorsement.) 
 
This insurance applies only to “bodily injury,” “property damage,”
“personal injury,” “advertising injury” and medical expenses arising out
of: 
 
1.The ownership, maintenance or use of the premises shown in the
Schedule and operations necessary or incidental to those
premises; . . . 

          No premises is listed in “the Schedule” contained in the endorsement. Thus,
by the endorsement’s terms, the information contained in the policies’ declarations
will determine the premises designated for coverage. 
          The first page of the policies is the Commercial General Liability Policy
Declaration (“declaration page”), which lists Founders as a named insured. 
Immediately following that form are the Commercial General Liability Classification
Schedule (“liability classification schedule”) and the Policy Schedule Of Names and
Addresses (“names and addresses schedule”). The names and addresses schedule
identifies “Westminster Plaza Dr. at Richmond Ave, Houston, Harris Co., TX 77082”
under the heading of “LOCATIONS OF ALL PREMISES YOU OWN, RENT OR
OCCUPY.” The liability classification schedule identifies “4 acres” of “vacant land”
as the basis for the policies’ insurance premiums. 
The Parties’ Contentions
          Trinity contends that Founders’ coverage under the policies is limited by the
designated premises endorsement. Trinity asserts that the policies did not cover
GRT’s claims because the alleged injuries did not arise from the premises designated
for coverage. 
          Trinity contends that the designated premises in this case is determined by
reading the liability classification schedule together with the names and addresses
schedule. According to Trinity, both schedules are part of the policy declarations. 
Trinity points out that, while the names and addresses schedule identifies
Westminister Plaza Drive at Richmond Avenue as the premises owned, rented, or
occupied by Founders, the liability classification schedule identifies “4 acres” of
“vacant land” as the basis for the insurance premium. Trinity explains that reading
the schedules together reveals that the only premises designated for coverage is four
acres of vacant land located at Westminster Plaza Drive and Richmond Avenue. 
Trinity asserts that, because GRT’s alleged injuries do not arise from the four acres
of vacant land covered by the policies, Trinity owes Founders no duty to defend or
indemnify it in the underlying federal suit.
          On appeal, Founders contends that, applying the eight-corners rule, Trinity
owes it coverage under the policies because GRT’s claims constitute an “advertising
injury,” as defined in the policies.


 Founders also criticizes Trinity’s interpretation
of the designated premises endorsement. Founders asserts that the reference in the
liability classification schedule to “four acres” of “vacant land” “simply provides a
basis for Trinity to calculate premiums chargeable to Founders” and nothing more.
Founders contends that the schedule does not serve to identify the premises for
purposes of the designated premises endorsement.


 Founders asserts that, because its
policy interpretation is “reasonable,” the contested policy provisions are ambiguous
and must be construed in favor of coverage.


 
Ambiguity of Designated Property Endorsement and Attendant Provisions
          Whether the policies’ language is ambiguous with respect to identifying the
premises for purposes of limiting coverage under the designated premises
endorsement is crucial to determining coverage. Courts employ the doctrine of
contra proferentem, or construing a contract term against the insurer in favor of
coverage, only when construing an ambiguous policy provision. Evergreen Nat’l
Indem. Co. v. Tan It All, Inc., 111 S.W.3d 669, 676-77 (Tex. App.—Austin 2003, no.
pet.); see also State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430, 433 (Tex. 1995)
(explaining that only if insurance policy remains ambiguous after courts apply canons
of interpretation should policy’s language be construed against insurer in manner that
favors coverage.). 
          An ambiguity does not arise with respect to a policy merely because the parties
advance conflicting interpretations. Grain Dealers Mut. Ins. Co. v. McKee, 943
S.W.2d 455, 458 (Tex. 1997). Whether a policy provision is ambiguous is a question
of law for the court to decide. Kelley-Coppedge, Inc. v. Highlands Ins. Co., 980
S.W.2d 462, 464 (Tex. 1998). In making this determination, we interpret insurance
policies according to the rules of contract construction. American Mfrs. Mut. Ins. Co.
v. Schaefer, 124 S.W.3d 154, 157 (Tex. 2003). 
          If a contract can be given only one reasonable meaning, it is not ambiguous and
will be enforced as written. Kelley-Coppedge, 980 S.W.2d at 464. On the other hand,
if a contract is susceptible to two or more reasonable interpretations, it is ambiguous. 
Id. When an alleged contract ambiguity involves an exclusionary provision of an
insurance policy, then we “‘must adopt the construction urged by the insured if that
construction is reasonable, even if the construction . . . urged by the insurer appears
to be more reasonable or a more accurate reflection of the parties’ intent.’” 
Balandran v. Safeco Ins. Co. of Am., 972 S.W.2d 738, 741 (Tex. 1998) (quoting Nat’l
Union Fire Ins. Co. of Pittsburgh, Pa. v. Hudson Energy Co., 811 S.W.2d 552, 555
(Tex. 1991)).
          If there is a single guiding principle that governs our interpretation of the
insurance policy, it is to give effect to the parties’ intent as expressed in the policy’s
plain language. See Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132, 133 (Tex. 1994). 
While parol evidence of the parties’ intent is not admissible to create an ambiguity,
the contract may be read in light of the surrounding circumstances to determine
whether an ambiguity exists. Balandran, 972 S.W.2d at 741. To give effect to the
parties’ intent as expressed in the policy’s plain language, we must read all parts of
a contract together. Beaston, 907 S.W.2d at (citing Forbau, 876 S.W.2d at 133). In
other words, we give effect to the expressed intent of the parties in the policy as a
whole, rather than interpret one provision in isolation. Id. “Courts must be
particularly wary of isolating from its surroundings or considering apart from other
provisions a single phrase, sentence, or section of a contract.” Id. 
          Applying these rules, we conclude that the contested policy provisions in this
case are not ambiguous. There is only one reasonable interpretation offered by the
parties: the policy interpretation offered by Trinity that coverage is limited to injuries
arising out of “four acres” of “vacant land” at Westminster Plaza Drive and Richmond
Avenue. In contrast, Founders policy interpretation—that the liability classification
schedule serves only to allow the calculation of premiums—does not comport with
the rules of contract construction. In particular, Founders’s reading violates the
construction principles that policy provisions cannot be read in isolation and should
be interpreted to effectuate the parties’ intentions. 
          Reading the plain language of the policy provisions in the context of the
policies as a whole, reveals the following. Under the heading, “FORMS
APPLICABLE TO THIS COVERAGE PART,” the declaration page of the policies
expressly incorporates the designated premises endorsement into the policy, thus
placing Founders on notice that coverage was limited to certain premises. The
designated premises endorsement expressly warns the insured that it “modifies
insurance provided” under the “commercial general liability coverage part” and that
“This Endorsement Changes the Policy. Please Read it Carefully.” Such plain
language indicates a change in the premises covered from the original CGL policy.
          The designated premises endorsement makes clear that, if no premises is
designated in the endorsement, then the premises to which coverage is limited will
be identified in the policy declarations. Although the declaration page does not list
any premises, it does provide that both the names and addresses schedule and the
liability classification schedule are “applicable to this coverage part.” Another form,
entitled “Commercial General Liability Policy Contents,” identifies both schedules
as being part of the policy.
          Applying the appropriate rules of contract construction, neither schedule can
be read in isolation. We agree with Trinity that the names and addresses schedule and
the liability classification schedule, which are found consecutively in the policies, 
must be read together, in context. Each schedule conveys distinct and pertinent
information about the insured premises. The location of the premises is identified in
the names and addresses schedule while the nature and extent of the premises is
revealed in the liability classification schedule. As Trinity wrote in its motion for
summary judgment, “[o]nly by reading the 2 schedules together does the insured have
a complete description of the ‘premises’ to which the [designated premises
endorsement] refers.” 
          Moreover, as recognized above, the liability classification schedule is part of
the policies and has meaning beyond simply providing a basis for the premiums
charged. Although discounted by Founders, the basis for the premiums charged is
indicative of the parties’ intent regarding what premises they agreed to be covered. 
          We hold that the policy, viewed in its entirety, unambiguously provides that
coverage under the policy is limited to injuries arising out of “four acres” of “vacant
land” at the corner of Westminster Plaza Drive and Richmond Avenue. Thus, unless
the claims asserted by GRT arose out of “four acres” of “vacant land” at that
intersection, Trinity has no duty to defend Founders in the underlying federal action.
Application of the Eight-Corners Rule
          In its complaint, the factual basis given by GRT for its alleged injuries is that
Founders “marketed and sold, and continues to market and sell, apartment
management services utilizing” GRT’s service mark. The complaint does not
mention the covered premises nor does it allege any tortious conduct attributable to
the four acres of vacant land covered under the policies. Thus, applying the eight-corners rule, we hold that Trinity does not have a duty to defend Founders in the
federal action because GRT’s alleged injuries do not arise from the covered premises. 
Duty to Indemnify
          Founders also contends that the trial court erred in determining that Trinity
owed no duty of indemnification. The duty to indemnify is a distinct and separate
duty from the duty to defend. Trinity Universal Ins. Co. v. Cowan, 945 S.W.2d 819,
821-22 (Tex. 1997). The Texas Supreme Court has held that the duty to indemnify
is justiciable before trial of the underlying suit when the same reasons that negate the
duty to defend may, likewise, negate any possibility that the insurer will have a duty
to indemnify for any judgment. Farmers Tex. County Mut. Ins. Co. v. Griffin, 955
S.W.2d 81, 84 (Tex. 1997). If the facts alleged in the underlying suit are insufficient
to invoke the duty to defend, then proof of all of those same facts will not invoke the
insurer’s duty to indemnify. Id. For the same reasons why there is no duty to defend,
we hold that Trinity has no duty to indemnify Founder for any judgment obtained
against it by GRT in the federal action. See id.
Conclusion
          In summary, we hold that, under the facts pleaded in GRT’s underlying
complaint and in light of the pertinent policy provisions, Trinity has no duty to defend
or indemnify Founder’s as a matter of law. The injuries alleged by GRT do not arise
from conduct or activities on the premises covered by the policies, i.e., four acres of
vacant land at Westminister Plaza Drive and Richmond Avenue. The trial court
properly granted Trinity’s motion for summary judgment and properly denied that of
Founders. 
          We overrule Founder’s sole issue and affirm the trial court’s summary
judgment.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.