Opinion issued March 30, 2006








     







In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00530-CV




PIN OAK CENTRE, LTD., Appellant

V.

THE TRAVELERS LLOYDS INSURANCE CO., Appellee




On Appeal from the 11th District Court 
Harris County, Texas
Trial Court Cause No. 2004–26962




MEMORANDUM OPINION

          This liability insurance coverage dispute was resolved in the trial court on
cross-motions for summary judgment in favor of The Travelers Lloyds Insurance
Company against its insured, Pin Oak Centre, Ltd. In two issues, Pin Oak contends
that Travelers had a duty to defend it under a commercial general liability (CGL)
policy in a bankruptcy court adversary proceeding brought by Pin Oak’s former
tenant, Voyager Toys, Inc. Because we agree with Travelers that the CGL policy’s
“care, custody, and control” exclusion applies to Voyager’s claims on which Pin Oak
bases its right to a defense, we hold that the trial court properly granted Travelers’s
motion for summary judgment and denied that of Pin Oak.


 
          We affirm.
Factual and Procedural Background
          Voyager, a retailer of collectible toys, leased space in a shopping center from
Pin Oak. Midway through its term, Voyager abandoned the lease and moved its
business and inventory to a nearby location. After discovering that Voyager had
abandoned the lease, Pin Oak sought and obtained a distress warrant to seize
Voyager’s property in satisfaction of the rent monies owed. 
          Harris County constables executed the warrant by seizing Voyager’s inventory
and equipment. On that same day, Voyager filed for Chapter 11 bankruptcy and
notified the constables and Pin Oak of the filing. Despite the bankruptcy filing, Pin
Oak refused to return Voyager’s inventory and equipment until nearly five months
later. Upon the property’s return, Voyager discovered that much of it was either
damaged or missing.
          Voyager filed an adversary proceeding in bankruptcy court against Pin Oak.
In its complaint, Voyager asserted claims for wrongful seizure under the Bankruptcy
Code, failure to turn over the property of the bankruptcy estate, breach of contract,
tortious interference with prospective contractual relations, and violation of Texas
Business and Commerce Code section 9.207. Voyager sought compensation for the
damaged and missing property and for loss of earnings. 
          Pin Oak requested that Travelers provide it with a defense against Voyager’s
claims under a CGL policy issued by Travelers to Pin Oak. After Travelers declined
coverage, Pin Oak sued Travelers, asserting that the insurer had breached its
contractual obligation to provide a defense. In turn, Travelers counterclaimed,
seeking a declaratory judgment that it had no duty to defend or to indemnify Pin Oak
under the policy. Travelers then moved for summary judgment, arguing that the
allegations in Voyager’s complaint did not constitute an “occurrence” as required for
coverage under the policy. Travelers also argued that the damage alleged by Voyager
was excepted from coverage under the policy’s “care, custody, and control”
exclusion. Pin Oak moved for partial summary judgment, asserting that it was
entitled to a defense because Voyager’s allegations constituted an “occurrence” as
defined in the policy and that the cited exclusion did not apply. Each party asserted
that its interpretation of the pertinent policy language was correct as a matter of law. 
          The trial court granted Travelers’s motion for summary judgment on its
declaratory-judgment counterclaim and denied Pin Oak’s motion for partial summary
judgment. Pin Oak brings this appeal to challenge the trial court’s ruling on the
respective motions for summary judgment. 
Standard of Review
          We review a summary judgment under a de novo standard. Provident Life &
Acc. Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). The well-settled principles
governing the review of summary judgments apply in insurance coverage cases. 
Hanson v. Republic Ins. Co., 5 S.W.3d 324, 327 (Tex. App.—Houston [1st Dist.]
1999, pet. denied). That is, a traditional summary-judgment movant must establish
its right to summary judgment on the issues presented to the trial court by
conclusively proving all elements of the movant’s claim or defense as a matter of law. 
Tex. R. Civ. P. 166a(c); Havlen v. McDougall, 22 S.W.3d 343, 345 (Tex. 2000). If
both sides move for summary judgment and the trial court grants one motion and
denies the other, we review both sides’ summary-judgment evidence and determine
all questions presented. FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868,
872 (Tex. 2000). If, as here, a trial court’s order granting summary judgment does not
specify the grounds on which the court relied, then the reviewing court must affirm
the summary judgment if any of the summary-judgment grounds is meritorious. See
Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).
Principles Governing Duty to Defend
          It is well-established that a liability insurer’s duty to defend is determined by 
the factual allegations of the pleadings, considered in light of the policy provisions
and without reference to the truth or falsity of the allegations. Nat’l Union Fire Ins.
Co. v. Merchants Fast Motor Lines, Inc., 939 S.W.2d 139, 141 (Tex. 1997); Heyden
Newport Chem. Corp. v. S. Gen. Ins. Co., 387 S.W.2d 22, 24 (Tex. 1965). This test,
generally known as the “eight-corners rule,” limits review to the four corners of the
insurance policy and the four corners of the plaintiff’s petition in the underlying suit. 
Merchants Fast Motor Lines, 939 S.W.2d at 141; see Saint Paul Surplus Lines Ins.
Co. v. Geo Pipe Co., 25 S.W.3d 900, 903 (Tex. App.—Houston [1st Dist.] 2000, no
pet.). 
          If a petition does not allege facts within the scope of coverage, then an insurer
is not legally required to defend a suit against its insured. King v. Dallas Fire Ins.
Co., 85 S.W.3d 185, 187 (Tex. 2002). If a petition alleges facts that, if taken as true,
potentially state a cause of action within the terms of the policy, then the insurer has
a duty to defend. See Merchants Fast Motor Lines, 939 S.W.2d at 141 (citing
Heyden, 387 S.W.2d at 26). Concomitantly, an insurer has no duty to defend if a
petition against an insured alleges facts excluded by the policy. Fidelity & Guar. Ins.
Underwriters, Inc. v. McManus, 633 S.W.2d 787, 788 (Tex. 1982). 
          When applying the eight-corners rule, we give the allegations in the petition
a liberal interpretation, focus on the factual allegations that show the origin of the
damages, rather than on the legal theories alleged, and resolve all doubts concerning
the duty to defend in favor of the insured. Merchants Fast Motor Lines, 939 S.W.2d
at 141. “It is not the cause of action alleged which determines coverage but the facts
giving rise to the alleged actionable conduct.” Adamo v. State Farm Lloyds Co., 853
S.W.2d 673, 676 (Tex. App.—Houston [14th Dist.] 1993, writ denied). Thus, in
determining the applicability of an exclusion, our focus must be on the origin of the
damages, not on the legal theory asserted for recovery. Continental Cas. Co. v. Hall,
761 S.W.2d 54, 56 (Tex. App.—Houston [14th Dist.] 1988, writ denied). 
          If the underlying petition “alleges facts that, prima facie, exclude the insured
from coverage, [then] the insurer has no duty to defend.” Adamo, 853 S.W.2d at 677. 
Stated differently, there is no duty to defend when the plaintiff’s petition makes
allegations that, if proved, place the plaintiff’s claims within a policy exclusion. 
McManus, 633 S.W.2d at 788.
Care, Custody, or Control Exclusion
          Pin Oak frames its first issue as follows: “The trial court erred when it denied 
[Pin Oak’s] Motion for Summary Judgment because the policy of insurance
unambiguously provided coverage for defense of the underlying lawsuit.”


 One of 
Pin Oak’s arguments in support of this issue is that Travelers did not prove that the
policy’s care, custody, or control exclusion applied to preclude coverage. 
          The CGL policy specifically excluded from coverage “property damage” to
“personal property in the care, custody or control of the insured.”


 Pin Oak and
Travelers disagree regarding whether Voyager’s allegations brought Voyager’s claims
within the policy exclusion; that is, Pin Oak disagrees with Travelers’s summary-judgment assertion that the complaint alleged that the damage to Voyager’s property
occurred while the property was in the care, custody, or control of Pin Oak. 
          In support of its summary-judgment ground that the care, custody, or control
exclusion precluded coverage, Travelers cited the following allegations from
Voyager’s complaint:
Paragraph 10. Despite actual knowledge of the filing of the above
captioned bankruptcy proceeding, Pin Oak refused to cease and desist
in moving [Voyager’s] property from the premises and continued to
take, attach and hold Debtor’s [Voyager’s] property until all or
substantially all of that was removed from the premises.
 
Paragraph 23. Pin Oak seized [Voyager’s] inventory and equipment, by
and through its agent. Pin Oak remained in possession of the [sic]
Voyager’s property for approximately five months until it was turned
over.
 
Paragraph 24. Defendant [Pin Oak] lost, or otherwise allowed a portion
of the inventory and equipment in its possession to go to waste, without
[Voyager’s] knowledge, or authorization.
 
Paragraph 39. Despite actual notice of the bankruptcy filing and
repeated demands for immediate turnover of [Voyager’s] inventory and
equipment, Pin Oak continued to exercise dominion and control of
property rightfully belonging to the Estate.
 
Paragraph 40. Pin Oak’s failure to turn over to the Debtor [Voyager]
the property of the estate was the direct and proximate cause of
substantial damages incurred by [Voyager]. 
 
Paragraph 51. Pin Oak’s seizure of inventory and equipment of the
Debtor [Voyager] materially damaged [Voyager’s] ability to reorganize
and conduct business. Specifically, Pin Oak’s seizure of Debtor’s
[Voyager’s] inventory impaired not only [Voyager’s] ability to sell the
seized merchandise, but the loss of critical equipment, such as
computers, software, and other data, effectively compromised
[Voyager’s] ability to operate his [sic] business.
(Emphasis added.)
          Citing the legal precept that a duty to defend is determined by the facts alleged
and not the legal theories advanced, Pin Oak asserts that Voyager’s complaint did not
allege “facts” that Pin Oak exercised care, custody, or control over Voyager’s
property. Pin Oak contends that the only relevant “fact” alleged in this regard was
that the constables “took control” of Voyager’s property pursuant to the distress
warrant. Pin Oak argues that Voyager made no factual allegations that the
constable’s office was acting as Pin Oak’s agent when the property was seized.


 
          Pin Oak’s focus is misplaced. Regardless of whether the complaint alleged that
the constable acted as Pin Oak’s agent, Voyager’s allegations cited by Travelers and
set out above alleged facts that, if proven, placed Voyager’s claims within the care,
custody, or control exclusion. Specifically, Voyager claimed that it suffered damages
because Pin Oak had seized its property, refused to return it, kept it for five months,
and damaged or lost it during that time. Pin Oak appears to discount these allegations
by contending that they do not contain factual allegations, but, rather, are merely legal
theories or inference made by Voyager. Though some of the passages from the
complaint cited by Travelers advanced Voyager’s legal theories, they also contained
factual allegations supporting those theories, which fit squarely within the exclusion. 
See, e.g., Mid-Continent Cas. Co. v. Third Coast Packaging Co., Inc., 342 F.Supp.2d
626, 631 (S.D. Tex. 2004) (holding that care, custody or control exclusion barred
coverage because underlying petitions alleged that property was “in possession” or
in “care, custody, and control” of insured when it was damaged). Therefore,
Travelers proved, as a matter of law, that it had no duty to defend Pin Oak in the
underlying litigation. For this reason, we hold that the trial court properly granted
Travelers’s motion for summary judgment and properly denied that of Pin Oak.
          We overrule Pin Oak’s first issue.



Conclusion
          We affirm the judgment of the trial court. 




                                         Laura Carter Higley
                                         Justice 

Panel consists of Justices Taft, Higley, and Bland.