**Affirmed and Memorandum Opinion filed December 18, 2014.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-13-00272-CV

**BENJAMIN K. SANCHEZ, Appellant**

**V.**

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2006-OPT4, ASSET-BACKED CERTIFICATES, SERIES 2006-OPT4, HOMEWARD RESIDENTIAL, INC. F/K/A AMERICAN HOME MORTGAGE SERVICING, INC., AND REAL TIME RESOLUTIONS, INC., Appellees**

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-06133**

## M E M O R A N D U M   O P I N I O N

Appellant Benjamin K. Sanchez appeals the trial court's order granting summary judgment in favor of appellees Deutsche Bank National Trust Company, Homeward Residential, Inc., and Real Time Resolutions, Inc. on Sanchez's claims for fraud, breach of contract, promissory estoppel, and wrongful foreclosure. We affirm.

## BACKGROUND AND PROCEDURAL HISTORY

In September 2005, Sanchez and Annette Pisana[1] f/k/a Annette Sanchez purchased property located at 2006 Longhorn Drive, Houston, Texas 77080-6310 (the Property). The Sanchezes financed the purchase with two promissory notes in favor of Option One Mortgage Corporation (the Mortgage). The Sanchezes signed the first promissory note in the amount of $165,600.00 (the First Note) and executed a Deed of Trust as security for the First Note. The First Note required the Sanchezes to tender monthly payments of $1,220.89. In the same transaction, the Sanchezes also signed a second promissory note in the amount of $41,400.00 (the Second Note) and executed a Purchase Money Deed of Trust to secure the Second Note.

In May 2006, Option One assigned the Mortgage to Deutsche Bank and Homeward Residential became the servicer. In May 2010, in accordance with the Sanchezes' divorce proceedings, Pisana conveyed her entire interest in the Property to Sanchez. Sanchez received a Special Warranty Deed for the Property and assumed paying the unpaid principal and interest on the Mortgage. Sanchez ceased making payments on the Mortgage in December of 2010 and failed to make any payments after this date. Subsequently, Homeward Residential declared the Mortgage in default and accelerated the amount due.

Following the default, Sanchez and Homeward Residential engaged in numerous telephone conversations over the next ten months in an attempt to avoid foreclosure. Homeward Residential discussed several options with Sanchez, including the Home Affordable Unemployment Program (HAUP). HAUP is a federal program designed to provide temporary forbearance of mortgage principal

---

[1] Although Pisana was a plaintiff in the underlying lawsuit, she is not a party to this appeal.

to unemployed persons. Homeward Residential explained that it needed proof of Sanchez's unemployment benefits along with other financial documents to assess his eligibility.

After Sanchez failed to provide the requisite proof, Homeward Residential initiated foreclosure proceedings. On April 7, 2011, a law firm acting on behalf of Homeward Residential sent Sanchez a letter stating that it was pursuing a non-judicial foreclosure on the Property in accordance with the First Note and Deed of Trust. The foreclosure sale was scheduled to take place on May 3, 2011. In response to this letter, Sanchez sent Homeward Residential proof of unemployment benefits. Homeward Residential postponed the foreclosure sale to take place on June 7, 2011.

Homeward Residential then commenced the HAUP review process to assess Sanchez's eligibility for the program.[2] On June 13, 2011, Homeward Residential denied Sanchez relief under HAUP for failing to provide the requisite information that it requested. Homeward Residential postponed the date of the foreclosure sale two more times. On September 1, 2011, Deutsche Bank assigned its rights in the Second Note and Purchase Money Deed of Trust to Real Time Resolutions. Four days before the foreclosure sale was to take place, Sanchez again sent a facsimile to Homeward Residential with proof of unemployment benefits. The foreclosure sale took place on September 6, 2011 and the Property was sold for $136,142.29.

Sanchez filed this suit in Harris County against Deutsche Bank, Homeward Residential, and Real Time Resolutions alleging fraud, breach of contract,

---

[2] Homeward's call logs stated "HAUP REVW: ASSIGNED LOAN TO TANYA WHITLOCK X48137 **** LOAN IS NOW IN HAUP, HAVE BRRWR CALL TONYA SO SHE CAN UPDATE FINANCIALS & SET UP PLAN." The parties dispute whether this meant Sanchez had been approved for HAUP or whether the HAUP review process had only commenced.

promissory estoppel, and wrongful foreclosure. Sanchez, an attorney, appeared pro se. Sanchez also sought damages, injunctive relief, rescission of the foreclosure sale, and attorney's fees. On August 31, 2012, Deutsche Bank, Homeward Residential, and Real Time Resolutions served Sanchez with requests for admissions, requests for production, and requests for interrogatories. Sanchez never answered any of these requests, including the requests for admissions, which were automatically deemed admitted.

On December 7, 2012, Deutsche Bank and Homeward Residential filed a hybrid motion for summary judgment asserting both traditional and no-evidence grounds. On December 12, 2012, Real Time Resolutions sought to join Deutsche Bank and Homeward Residential in their traditional motion for summary judgment and filed its own separate no-evidence motion for summary judgment. The appellees argued that they were entitled to summary judgment as a matter of law on Sanchez's fraud, breach of contract, promissory estoppel, and wrongful foreclosure claims and also that there was no evidence to support the elements of these claims. Deutsche Bank and Homeward Residential set their motion for submission on December 31, 2012 and Real Time Resolutions set its no-evidence motion for submission on January 7, 2013.

Sanchez did not file a response to the appellees' motions for summary judgment. Instead, Sanchez objected to the submission of the appellees' motions for summary judgment and requested an oral hearing. On December 26, 2012, Sanchez filed a motion for continuance and a motion to strike the deemed admissions. On January 8, 2013, the trial court granted Real Time Resolutions' joinder. The trial court also granted the appellees' motions for summary judgment, without specifying the grounds on which it based its decision. On January 15, 2013, the trial court denied Sanchez's motion for continuance and motion to strike

the deemed admissions. Sanchez moved for a new trial and the trial court conducted a hearing on March 15, 2013, in which the court explained that it had considered Sanchez's motions before granting summary judgment. The motion for new trial was denied by operation of law. Sanchez timely filed this appeal.

## STANDARD OF REVIEW AND APPLICABLE LAW

We review the trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any theories advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). When a party files a hybrid summary judgment motion on both no-evidence and traditional grounds, we first review the trial court's judgment under the no-evidence standard of review. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

A no-evidence motion for summary judgment is essentially a motion for a pretrial directed verdict. Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground that there is no evidence to support one or more essential elements of the non-movant's claim or defense. Tex. R. Civ. P. 166a(i). A no-evidence motion for summary judgment must be granted if (1) the moving party asserts that there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof on at trial, and (2) the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements. *See id*.; *Navy v. Coll. of the Mainland*, 407 S.W.3d 893, 898 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

5

In a traditional motion for summary judgment, the movant bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A defendant who conclusively negates at least one of the essential elements of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).

In reviewing either type of summary judgment motion, we take as true all evidence favorable to the non-movant and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Navy*, 407 S.W.3d at 898.

ISSUES AND ANALYSIS

On appeal, Sanchez contends that the trial court erred in granting summary judgment in favor of the appellees on his claims of fraud, breach of contract, promissory estoppel, and wrongful foreclosure. Sanchez also complains that the court erred in granting summary judgment due to certain procedural defects.

## I.    No-Evidence Motion for Summary Judgment

In issues one through four, Sanchez asserts that the trial court erred in granting summary judgment for the appellees because more than a scintilla of evidence exists as to his claims for fraud, breach of contract, promissory estoppel, and wrongful foreclosure.

When a no-evidence motion for summary judgment is filed, the court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. Tex. R. Civ. P. 166a(i). Sanchez argues that there is more than a scintilla of evidence as to each of his claims. However, Sanchez never responded to the appellees' no-evidence motions for summary judgment.

6

It is undisputed that the appellees filed proper no-evidence motions on each of Sanchez's claims. The record reflects that both no-evidence motions unambiguously stated the elements of each of Sanchez's claims and specifically identified the elements as to which the appellees contended there was no evidence. Appellees challenged each element of Sanchez's claims of fraud, breach of contract, promissory estoppel, and wrongful foreclosure. Because Sanchez failed to respond in the trial court by pointing to evidence of these elements, the trial court properly granted summary judgment in favor of the appellees on no-evidence grounds. *See Patidar v. Bank of Am., N.A.*, 442 S.W.3d 789, 793 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("Generally, a failure to respond to a no-evidence motion is fatal to the nonmovant's ability to assert on appeal that the trial court erred in granting the motion."); *Lampasas v. Spring Cent., Inc.*, 988 S.W.2d 428, 433 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (quoting Tex. R. Civ. P. 166a(i)) ("[T]he court must grant the motion [for summary judgment] unless the respondent produces summary judgment evidence raising a genuine issue of material fact.").

Sanchez further asserts that the trial court should have treated his objection to submission, motion for continuance, and motion to strike as responses to the appellees' no-evidence motions. But nothing in these motions can be considered responsive to the appellees' no-evidence motions. Sanchez does not point to anything in his motions that would raise a fact issue. The only thing Sanchez directs us to is his original petition and its attachments. However, pleadings are not summary judgment evidence and should not be considered in determining whether the summary judgment evidence raises a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Thus, because these motions did not raise any genuine issue of material fact, the

trial court did not err in granting summary judgment on no-evidence grounds.

We overrule Sanchez's first four issues regarding the trial court's grant of summary judgment.

## II.    Procedural Defects

In his fifth and sixth issues, Sanchez contends that the trial court erred in granting summary judgment on several procedural grounds: (1) the trial court failed to consider Sanchez's motion for continuance and motion to strike before granting summary judgment; (2) Real Time Resolutions failed to timely set its motions; (3) the trial court failed to rule on Sanchez's objection to submission and request for a hearing; and (4) Homeward Residential failed to substitute itself as a party.

We review the trial court's decision to deny Sanchez's request for an oral hearing, motion for continuance, and motion to strike under an abuse of discretion standard. *See Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (per curiam) ("An appellate court should set aside the trial court's ruling only if, after reviewing the entire record, it is clear that the trial court abused its discretion."); *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 747 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("We review the grant or denial of a motion for continuance for an abuse of discretion."); *Adamo v. State Farm Lloyds Co.*, 853 S.W.2d 673, 677 (Tex. App.—Houston [14th Dist.] 1993, writ denied) ("[T]he decision whether to grant an oral hearing on a summary judgment motion is purely within the discretion of the trial judge."). An abuse of discretion occurs when a court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably. *Stelly*, 927 S.W.2d at 622.

## A. The trial court did not abuse its discretion by denying Sanchez's motions after granting summary judgment

Sanchez asserts that the trial court erred in denying his motion for continuance and motion to strike after granting summary judgment.

Although Sanchez complains that the trial court did not consider his motions before granting summary judgment, the record reflects that the trial court considered Sanchez's motions. On March 15, 2013, the trial court held a hearing on Sanchez's motion for new trial in which Sanchez raised the same complaint. At the hearing on the motion for new trial, the judge stated that he had looked at Sanchez's motion for continuance and motion to strike before granting summary judgment, even though he denied them a week later. When the court expressly denied these motions, it had every opportunity to reconsider its ruling. *See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (per curiam) (holding that the lack of notice of submission to the plaintiff was not reversible error because the court considered the plaintiff's response after granting summary judgment and reconfirmed its ruling). Thus, the trial court did not abuse its discretion by denying the motions after granting Sanchez's motion for summary judgment.

Sanchez does not complain that the trial court erred in denying his motion for continuance and motion to strike based on their substance. Sanchez has attempted to incorporate the motions into his appellate brief by writing "[a]ppellant incorporates the facts and procedural history set forth in those pleadings herein." Sanchez makes no argument as to why the trial court's denial was an abuse of discretion, however, and cites to no authority. Thus, Sanchez has waived any error on appeal with respect to these issues. *See Zurita v. Lombana*, 322 S.W.3d 463, 472 n.3 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) ("A party may not

9

simply incorporate by reference its arguments at the trial level into its brief; a party must argue each claim of error on appeal.").

Sanchez also argues that the trial court's "late denial" of these motions violated his due process rights. However, Sanchez does not develop this argument beyond stating this proposition and cites to no authority. This issue is therefore inadequately briefed. *See* Tex. R. App. P. 38.1(i) (requiring that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *In re S.A.H.*, 420 S.W.3d 911, 929 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (declining to craft appellant's argument for him).

### B.    Real Time Resolutions properly set its motions

Sanchez alleges that Real Time Resolutions' joinder and no-evidence motion for summary judgment motion were not properly set for submission and should have been denied.

Texas courts recognize the adoption of a co-party's motion for summary judgment as a legitimate procedural practice. *Lockett v. HB Zachry Co.*, 285 S.W.3d 63, 72 (Tex. App.—Houston [1st Dist.] 2009, no pet.). On December 12, 2013, Real Time Resolutions moved to join in Deutsche Bank and Homeward Residential's timely filed traditional motion for summary judgment. Real Time Resolutions' joinder in this motion gave Sanchez notice of the grounds on which it sought summary judgment and did not raise any new evidence or defenses. Thus, Real Time Resolutions timely joined in Deutsche Bank and Homeward Residential's motion.

Sanchez further asserts that Real Time Resolutions did not timely set its no-evidence motion for summary judgment because it was set beyond the date set

forth in the trial court's docket control order. The trial court's docket control order provided that Rule 166a(i) motions could not be heard before January 4, 2013. Real Time Resolutions properly set its no-evidence motion for summary judgment for submission on January 7, 2013, after the date provided in the order. Thus, Real Time Resolutions timely set its motion in accordance with the trial court's docket control order.

### C. An oral hearing on summary judgment was not required

Sanchez contends that the trial court erred in granting summary judgment without conducting an oral hearing.

After appellees moved for summary judgment, Sanchez objected to submission of the motion and requested an oral hearing. Sanchez argued that he was entitled to an oral hearing because of the "complexity of the factual and legal issues involved in this matter." Whether to grant an oral hearing on a motion for summary judgment is purely within the discretion of the trial court. *Adamo*, 853 S.W.2d at 677. The trial court must decide the merits of a motion for summary judgment based on the pleadings, discovery responses, stipulations, and affidavits. *Martin v. Cohen*, 804 S.W.2d 201, 203 (Tex. App.—Houston [14th Dist.] 1991, no writ); Tex. R. Civ. P. 166a(c). We hold the trial court did not abuse its discretion in granting summary judgment without an oral hearing.

### D. Homeward Residential was not required to substitute itself as a party

Sanchez asserts that the trial court erred in granting summary judgment for Homeward Residential because it never substituted itself as a party for American Home.

Sanchez sued American Home Mortgage Servicing, Inc., which later

changed its legal name to Homeward Residential, Inc. The record reflects that Homeward Residential amended its Certificate of Incorporation with the Secretary of State in Delaware, where it is incorporated, and filed an Amendment to Registration with the Secretary of State in Texas, where it is registered to do business. Homeward Residential was not required to substitute itself as a party because its corporate name change had no effect on the proceedings. *See N. Natural Gas Co. v. Vanderburg*, 785 S.W.2d 415, 421 (Tex. App.—Amarillo 1990, no writ) ("As a matter of law a corporate name change does not affect its identity, property rights, or liabilities.").

We overrule Sanchez's issues regarding the procedural defects.

## CONCLUSION

We overrule Sanchez's issues and affirm the trial court's order granting summary judgment in favor of Deutsche Bank, Homeward Residential, and Real Time Resolutions.


/s/      Ken Wise
          Justice



Panel consists of Justices Boyce, Busby, and Wise.

12